**UNITED STATES OF AMERICA**
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

ABIGAIL HURT &
SHAUN HURT,

                                         Case No.

      Plaintiffs,

v.                                          Hon.

INGBER & WINTERS PC,
a domestic professional corporation,

      Defendants.
_____/

SEAN R. O'MARA (P76140)
**O'Mara Law Firm, PC**.
DAVID S. PARNELL (P77628)
**The Parnell Firm, PLLC**
Attorneys for Plaintiffs
21929 E. Nine Mile Rd.
St. Clair Shores, MI 48080
P: (586) 200-6404
F: (586) 445-2399
Email: omaralawfirmpc@gmail.com
_____/

## **COMPLAINT**

Plaintiffs, Abigal Hurt and Shuan Hurt, represented by their attorneys, David Parnell of the Parnell Firm PLLC and Sean R. O'Mara of the O'Mara Law Firm, and states as follows:

1

## Introduction

1. Plaintiffs were sued by Defendant in the 18th District Court of Michigan seeking to collect a consumer debt that was barred by the statute of limitations.

2. Defendant violated the Fair Debt Collection Practices Act (hereafter referred to as "FDCPA") 15 U.S.C. 1692(e)&(f) by attempting to collect a debt that was barred by the statute of limitations. *Kimber v. Federal Financial Corp.,* 668 F.Supp. 1480 (M.D. Ala. 1987); *McCollough v. Johnson, Rodenburg, & Lauinger, LLC,* 637 F.3d 939 (9th Cir. 2011).

## Jurisdiction

3. This Court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. 1692k(d) and 28 U.S.C. 1331 and 1337.

## Parties

4. Abigal Hurt and Shuan Hurt (herein referred to as "Plaintiffs") are citizens of the State of Michigan and are "consumers" as defined in the Fair Debt Collections Practices. 15 U.S.C. 1692a

5. Ingber & Winters PC (herein referred to as "Defendant") is domestic professional service corporation with its principal place of business residing in Southfield, Michigan. Defendant's law firm is primarily engaged in the business of debt collection as well as the practice of law in the State of Michigan, and is a debt

collector as defined under the FDCPA. *Id.; See also Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

6. Defendant is domestic professional corporation in the State of Michigan that uses in interstate communications of fax, mail, or phone to collect debts from consumers.

7. Defendant is a collection law firm that employees one or more attorneys admitted to practice in the State of Michigan.

8. Defendant's principle business purpose is to collect debts on behalf of their clients.

9. Defendant is a domestic professional services corporation engaged in the business of debt collection as well as the practice of law in the State of Michigan, and is a debt collector as defined under the FDCPA. *See Heintz v. Jenkins*, 514 U.S. 291, 299 (1995). Defendant is a "debt collector" as the term is defined and/or used in the FDCPA. Defendant is a "regulated person" as the term is defined and/or used in the MCPA.

10. Defendant is a debt collector as defined under the FDCPA, and a "collection agency" or "regulated person" the Michigan Collection Practices Act ("MCPA"), at MCL 445.251.

## Venue

11. Venue is proper in the Eastern District of Michigan, where defendant engage in systematic and continuous business in the State of Michigan.

12. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. 1692k(d), and 28 U.S.C. 1331.

## General Allegations

13. The original debt incurred from arose from a transaction which was primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

14. Plaintiffs entered into a one-year residential lease in 2008, the term of the lease expired on or about November of 2009.

15. Plaintiffs' residential lease turned into a periodic tenancy in November 2009 and continued to reside at the home as tenants until September of 2016.

16. Nearly a decade after signing the original lease, Plaintiffs were served with a collection complaint claiming money owed from the original lease signed in November of 2008.

17. The original debt that the Defendant sought to collect was from the period of 11/1/2009 to 12/31/2013, was time barred as of December 31, 2019 respectively.

18. Defendant's attempt to collect this debt years after the statute of limitations had expired constitutes a violation of 15 U.S.C. 1692(e) & (f).

## COUNT I: VIOLATION OF THE FDCPA

19. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

20. Defendants violated 15 U.S.C. 1692e(2), (5), (10) by taking action that was not legally permitted (attempting to collect a debt that was stale and past its' applicable statute of limitations) and making false representations and utilizing deceptive means in an attempt to collect a debt.

21. Defendant violated 15 U.S.C. 1692e(2), (5), (10) because they made false representations and utilized deceptive means in an attempt to collect a debt by representing to the Plaintiffs that the debt was not barred by the applicable statute of limitations.

22. Defendants attempted to collect a debt premised upon a contract that expired in November of 2009, filing the collection action claiming portions of money damages that were uncollectable violated 15 U.S.C. 1692f(1) prohibition against using 'unfair or unconscionable' means to collect the debt.

23. As a result of the acts of Defendant, Plaintiffs suffered distress, anger, humiliation, stress, and strain with family. As a result of each and every Defendant's violations of the FDCPA, the Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C.

1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. 1692k(a)(3) from each and every Defendant herein.

## REQUEST FOR RELIEF

Accordingly, Plaintiffs respectfully request that the Court:

    i. Award actual damages;

    ii. Award statutory damages;

    iii. Award statutory costs and attorney fees; and

    iv. Provide for all proper relief.

## COUNT II.
## VIOLATIONS OF MICHIGAN COLLECTION PRACTICES ACT

24. Plaintiff repeats and re-alleges all prior paragraphs as if fully set forth herein.

25. Ingber & Winters PC engaged in this activity directed at the Plaintiffs knowing or should have known that the amount claimed owed is unenforceable in a court of law.

26. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL 445.251.

27. By their conduct directed at the Plaintiffs, Ingber & Winters PC engaged in violations of MCL 445.251 et seq when;

    a. Ingber & Winters PC initiated a debt collection lawsuit against the Plaintiffs asserting an amount owed when in fact the debt is not enforceable because it is beyond the statute of limitations;

    b. initiated this lawsuit without engaging in reasonable investigation into the facts of the Debt.

    c. knowingly filed this lawsuit without verification of the debt in violation of MCL 445.251 et seq;

    d. other actions and omissions that violate State and Federal Fair Debt Collection Practices statutes that may be discovered through this litigation.

28. Each Defendant's foregoing acts in attempting to collect this alleged debt violated MCL 445.252.

29. MCL 445.257 authorizes this Court to award the Plaintiffs damages for violations of MCL 445.251 et seq., including awarding attorney fees and costs.

30. The Defendant's violations of the Michigan Regulation of Collections Act were willful.

WHEREFORE, for the reasons states herein, Plaintiff respectfully requests judgment against Defendant for:

    a. Actual damages pursuant to MCL 445.257(2)

    b. statutory damages pursuant to MCL 445.257(2);

    c. reasonable attorney fees and costs pursuant to MCL 445.257(2);

    d. treble damages pursuant to MCL 445.257(2);

    e. a declaration that Defendants' practices violate the MCPA;

    f. such other relief as this Court deems just and proper.

Dated: June 10, 2020

Respectfully Submitted:

O'Mara Law Firm PC

<u>/s/ *Sean R. O'Mara* (P76140)</u>
Sean R. O'Mara
Attorney for Plaintiffs